UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA VANDERFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-cv-2602-KJN<br><br><br>ORDER |

Plaintiff Christina Vanderford seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from January 1, 2010, plaintiff's alleged disability onset date, through June 29, 2015, the date of the final administrative decision. (ECF No. 15.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 16.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 8, 14.)

1

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

I. BACKGROUND

Plaintiff was born on December 31, 1972; has a twelfth grade education with some special education classes, as well as training as a medical assistant; can communicate in English; and previously worked as an in-home caregiver. (Administrative Transcript ("AT") 29, 31-33, 45.)[2] On April 20, 2012, plaintiff applied for DIB, claiming that she became disabled on January 1, 2010, primarily due to chronic depression. (AT 9, 56, 139, 176.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on April 30, 2015, at which plaintiff, represented by counsel, and a vocational expert ("VE") testified. (AT 23-48.) The ALJ subsequently issued a decision dated June 29, 2015, determining that plaintiff had not been under a disability, as defined in the Act, from January 1, 2010, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 9-16.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 5, 2016. (AT 1-4.) Plaintiff subsequently filed this action on November 1, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly discounted the opinion of plaintiff's treating physician; and (2) whether the ALJ failed to appropriately develop the record.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

2

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff met the insured

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

3

status requirements of the Act for purposes of DIB through December 31, 2016. (AT 11.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since January 1, 2010, plaintiff's alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following medically determinable impairments: depression and polysubstance abuse. (Id.) Nevertheless, the ALJ also concluded that plaintiff did not have an impairment or combination of impairments that had significantly limited (or could be expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore plaintiff did not have a severe impairment or combination of impairments. (Id.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from January 1, 2010, plaintiff's alleged disability onset date, through June 29, 2015, the date of the ALJ's decision. (AT 15.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ improperly discounted the opinion of plaintiff's treating physician*

Plaintiff contends that, in finding no severe impairment or combination of impairments at step two, the ALJ improperly discounted the opinion of plaintiff's treating physician, Dr. Syeda Munir.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

////

---

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In this case, plaintiff's treating psychiatrist, Dr. Syeda Munir, issued a 2-page, check-the-box form, opining, *inter alia*, that plaintiff had a fair ability to understand and remember very short and simple instructions, adapt to changes in the workplace, and use public transportation to travel to unfamiliar places, but had a poor ability to understand and remember detailed or complex instructions, carry out instructions, attend and concentrate, work without supervision, interact with the public, interact with coworkers, interact with supervisors, and be aware of normal hazards and react appropriately. (AT 328-29.) Under Ninth Circuit precedent, because Dr. Munir's opinion was contradicted by other medical opinions in the record, the ALJ was required to provide specific and legitimate reasons to discount Dr. Munir's opinion. As discussed

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

5

below, the ALJ adequately discharged his obligation in that regard.

As an initial matter, Dr. Munir's opinion is brief, conclusory, and unsupported by any detailed clinical findings. See Meanel, 172 F.3d at 1114 (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. When asked what medical findings supported her assessment, Dr. Munir's largely listed plaintiff's subjective symptoms and complaints. Such reliance on subjective complaints is especially problematic given the ALJ's determination that plaintiff was less than fully credible, a finding that is not challenged on appeal. (AT 13.)[5]

Furthermore, the ALJ reasonably relied on the opinion of the consultative psychologist, Dr. Lenore Tate, who reviewed plaintiff's records, performed a comprehensive examination during the relevant period on September 22, 2012, and prepared a detailed report of her findings. (AT 14, 261-66.) Dr. Tate diagnosed plaintiff with depressive disorder not otherwise specified, methamphetamine abuse in sustained full remission, and nicotine abuse. (AT 265.) She opined that plaintiff had no restrictions in her ability to understand, remember, and carry out simple one- or two-step job instructions, and only mild restrictions in her ability to do detailed and complex instructions, relate and interact with coworkers and the public, maintain concentration/attention/persistence/pace, associate with day-to-day work activities such as attendance and safety, maintain regular attendance in the workplace and perform work activities on a consistent basis, and perform work activities without special or additional supervision. (AT 266.) Because Dr. Tate personally examined plaintiff and made independent clinical findings, her opinion constitutes substantial evidence on which the ALJ was entitled to rely.

Additionally, the ALJ appropriately relied on the opinions of the state agency psychologists, who reviewed plaintiff's records and opined that plaintiff's mental impairments were non-severe. (AT 14, 53, 61.) Those opinions are consistent with the findings and opinion of the consultative examining psychologist Dr. Tate. See Tonapetyan v. Halter, 242 F.3d 1144,

---

[5] For example, in assessing plaintiff's credibility, the ALJ noted, among other issues, that although plaintiff testified that she had not used methamphetamines since 2001, an August 2014 drug screening was positive for amphetamines. (AT 13, 295.)

1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Finally, the ALJ also rationally observed that plaintiff's activities were inconsistent with Dr. Munir's severe opinion:

> While Dr. Munir concluded that claimant cannot carry out instructions, attend and concentrate or work without supervision, the claimant takes care of many household chores by herself. (Ex. 6F/1). The claimant performs the following household chores which all require concentration and working without supervision: cooking, cleaning, doing laundry, doing the dishes, taking care of the animals, and grocery shopping. (Ex. 4E/2, 3; Ex. 6E/2, 3, 5).

(AT 14.)

In sum, the court finds that the ALJ's evaluation of Dr. Munir's opinion is supported by the record and by the proper analysis.

*Whether the ALJ failed to appropriately develop the record*

Plaintiff also argues that the ALJ should have further developed the record by sending medical records generated after the opinions of Dr. Tate and the state agency physicians to Dr. Tate and the state agency physicians for supplemental opinions. That argument lacks merit. This is not a case where a serious new impairment manifested, or plaintiff's condition significantly worsened, after the experts formulated their opinions. In virtually every social security case, additional medical records are generated after a consultative examiner evaluates the claimant, or state agency physicians review the file. The court declines to impose a novel, onerous, and costly rule requiring supplemental review and opinions as a general matter. It is the ALJ's function to review the entire record and render a decision. In this case, the ALJ considered the entire record, including the additional treatment records, but ultimately assessed a RFC that was adequately supported by substantial evidence. No further record development was necessary.

////

////

////

7

## V. CONCLUSION

For the foregoing reasons, the court concludes that the ALJ's decision is free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: February 15, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE